UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:02-CR-00035-SEB-DML |
| | ) | |
| MICHAEL THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on March 1, 2013, designating the Magistrate Judge on criminal duty to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on February 26, 2013, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e). Proceedings were held April 11, 2013 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On Thursday, April 11, 2013, Michael Thompson ("Thompson") appeared in person with appointed counsel, William H. Dazey, Jr. The Government appeared by Winfield D. Ong, Assistant United States Attorney. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. ' 3401(e).

1

1. Mr. Thompson was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of those allegations.

2. Copies of the Petition was provided to Mr. Thompson and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading of those violations.

3. Mr. Thompson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Thompson was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Thompson was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Thompson was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. Thompson had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned District Judge.

7. Mr. Dazey stated that Mr. Thompson would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

Mr. Thompson executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. The Government dismissed Violations in the Petition, Numbers 1 and 3. Mr. Thompson stipulated that he committed the Violations in the Petition, Numbers 2 and 4, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on February 25, 2013, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | *"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."* |
| | The offender was arrested on February 14, 2013, and was released from custody on February 15, 2013. As of February 20, 2013, the offender had failed to contact his probation officer to notify of his arrest. |
| 4 | *"The defendant shall notify the probation officer ten days prior to any change in residence or employment."* |
| | According to the offender's girlfriend, he moved out of his last known residence, 1446 E. 10th Street, Indianapolis, on February 16, 2013. His last known cell phone is disconnected, and he has not responded to e-mails. The offender's current whereabouts are unknown, and he is considered to be an absconder. |

The Court placed Mr. Thompson under oath and directly inquired of Mr. Thompson whether he admitted the violation of the specifications of his supervised release set forth above. Mr. Thompson stated that he admitted the above violations as set forth above.

9. The most serious grade of violation committed by Mr. Thompson constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(a)(3).

10. Mr. Thompson has suffered criminal convictions that yield a criminal history category of VI.

11. The term of imprisonment applicable upon revocation of Mr. Thompson's supervised release, therefore, is between 8 and 14 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

12. The parties agreed that revocation of Mr. Thompson's supervised release and imposition of a term of imprisonment of eighteen (18) months, with no supervision to follow, was an appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Michael Thompson, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant=s supervised release is therefore **REVOKED** as set forth above.

The Court requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and this Order.

Counsel for the parties and Mr. Thompson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Thompson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Michael Thompson=s supervised release.

IT IS SO RECOMMENDED this   04/18/2013

*[signature]*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Winfield D. Ong
Assistant United States Attorney
Winfield.ong@usdoj.gov

Michael Donahoe
Indiana Community Federal Defender
Mike_donahoe@fd.org

U. S. Parole and Probation

U. S. Marshal